J-S31023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LESTER LERINGO JOHNSON, | |
| Appellant | No. 888 MDA 2015 |

Appeal from the Judgment of Sentence April 20, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001084-2013

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

CONCURRING AND DISSENTING MEMORANDUM BY SHOGAN, J.:

**FILED JULY 26, 2016**

I join the Majority's disposition in all respects apart from its conclusion that counts two and three merge for purposes of sentencing.  Thus, I concur in part and respectfully dissent in part.

"When a criminal act has been committed, broken off, and then resumed, at least two crimes have occurred and sentences may be imposed for each." ***Commonwealth v. Shank***, 883 A.2d 658, 671 (Pa. Super. 2005).  "To hold that multiple assaults constitute only one crime is to invite criminals ... to brutalize their victims with impunity." ***Id***. (citation omitted).  "So long as the crimes are not greater or lesser included offenses,

_____

[*]  Retired Senior Judge assigned to the Superior Court.

defendants are liable for as many crimes as they are convicted of and may be sentenced for each such crime." *Id*. (citation omitted).

After review, I agree with the trial court's determination that counts two and three do not merge as Appellant committed two discrete crimes. First, Appellant struck R.K. in the head with his fist. Then, after the child fell to the floor, instead of ceasing his assault, Appellant chose to kick the child three times in the abdomen.

Thus, because I agree with the trial court that the punching and the kicking were separate events, I would affirm Appellant's judgment of sentence in its entirety on the basis of the trial court's opinion.